# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1448V
Filed: March 28, 2018
UNPUBLISHED

| | |
|---|---|
| KATHLEEN SCARPATO,<br><br>                       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                       Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN , for petitioner.*
*Glenn Alexander MacLeod, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On November 2, 2016, Kathleen Scarpato ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that she suffered a right shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on November 3, 2014.  Petition at 1-2.  On October 24, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer.  (ECF No. 38).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 15, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 42). Petitioner requests attorneys' fees in the amount of $31,899.40 and attorneys' costs in the amount of $3,114.25. (*Id.* at 1.) In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. (*Id* at 3). Thus, the total amount requested is $35,013.65.

On February 27, 2018, respondent filed a response to petitioner's motion. (ECF No. 44). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." (*Id.* at 1). Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 2). Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." (*Id.* at 3).

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates with the following exceptions.

Billing for clerical and other secretarial work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); *Mostovoy v. Sec'y of Health & Human Servs.*, 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). A total of 1.3 hours[3] was billed to scan and save documents. This work is considered administrative and results in a **reduction of the fee request in the amount of $188.50**.

With regard to the hourly rate of $378.00 requested by attorney William E. Cochran, Jr., for worked performed in 2018[4], the undersigned finds the proposed rate excessive based on his overall legal experience, the quality of work performed, his experience in the Vaccine Program, and his reputation in the legal community and the community at large. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). The determination of the amount of

---

[3] These entries occurred from April – September 2016 and January – March 2017. (ECF No. 42-2 at 2-4, 6-8, 11-13).

[4] William E. Cochran billed 0.90 hours at $378 per hour (ECF No. 42-2 at 21).

2

reasonable attorneys' fees is within the special master's discretion. *See, e.g., Saxton v. HHS,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. HHS*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. HHS*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991), *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam). Mr. Cochran is within the 11-19 year experience range for work performed in 2018, and based on the rates established in *McCulloch*, reasonable rates for attorneys with 11-19 years of experience in the vaccine program fall between $317.00 - $396.00.[5]

      Mr. Cochran was awarded a rate of $365 for work performed in 2017.  An increase for 2018, based on the Producer Price Index for the "Office of Lawyers" (PPI-OL), provided by the Department of Labor Bureau of Labor Statics, would result in a rate of $377.00, which is a more appropriate rate given the undersigned's experience and analysis of the McCulloch factors as applied to Mr. Cochran. Therefore the undersigned **reduces the fee request by $0.90**.

      Regarding the hourly rate of $340.00 requested by attorney Chris J. Webb for worked performed in 2018[6], the undersigned finds the proposed rate excessive based on his overall legal experience, the quality of work performed, his experience in the Vaccine Program, and his reputation in the legal community and the community at large.  *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Mr. Webb has recently entered the 11-19 year experience range for work performed in 2018, and as with Mr. Cochran, the reasonable rates for attorneys with 11-19 years of experience in the vaccine program fall between $317.00 - $396.00.

      Mr. Webb was awarded a rate of $315 for work performed in 2017.  An increase for 2018, based on the Producer Price Index for the "Office of Lawyers" (PPI-OL), provided by the Department of Labor Bureau of Labor Statics, and would result in a rate of $326.00, which is a more appropriate rate given the undersigned's experience and analysis of the McCulloch factors as applied to Mr. Webb. Therefore the undersigned **reduces the fee request by $2.80**.

      The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

---

[5] The 2018 Fee Schedule can be accessed at http://www.cofc.uscourts.gov/node/2914

[6] Chris J. Webb billed a total of 0.20 hours for 2018 at a rate of $340.00.

**Accordingly, the undersigned awards the total of $34,821.45[7] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel William E. Cochran, Jr.**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.